```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

RUVIM KRUPKIN,

                              Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/4/2020_

19 Cr. 659 (AT)

**ORDER**

ANALISA TORRES, District Judge:

I.   Setting Remote Proceeding

It is ORDERED that a change of plea hearing shall be held in this action on **September 15, 2020**, at **12:00 p.m.** The hearing shall proceed by videoconference. Instructions for the parties' participation in and the public's observance of the proceeding are set out below.

Under the terms of Section 15002(b)(2) of the CARES Act, Pub. L. No. 116-136 (2020), the Judicial Conference of the United States has found that emergency conditions due to the national emergency declared by the President with respect to COVID-19 materially have affected and will materially affect the functioning of the federal courts, and the Chief Judge of this district has entered an order finding that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure [and] felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety," and authorizing such proceedings to be conducted by "video teleconferencing, or telephone conferencing if video conferencing is not reasonably available . . . with the consent of the defendant . . . after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice." *In re Coronavirus/Covid-19 Pandemic*, 20 Misc. 176, ECF No. 2 (S.D.N.Y. June 24, 2020).

Defendant's counsel having represented to the Court that Defendant consents to this change of plea being conducted via videoconference, the Court finds that this proceeding cannot be further delayed without serious harm to the interests of justice because it will result in the expeditious resolution of this matter, without the need to expend substantial court resources and the possibility of a lengthy delay before a jury trial can be conducted.  Accordingly, pursuant to Section 15002(b)(2)(A) of the CARES Act, it is ORDERED that the change of plea hearing shall proceed by videoconference.

II.     Instructions

The conference shall proceed via the Skype for Business videoconferencing platform on **September 15, 2020**, at **12:00 p.m**.

To optimize the quality of the video feed, only the Court, the Defendant, defense counsel, and counsel for the Government will appear by video for the proceeding; all others will participate by telephone.  Co-counsel, members of the press, and the public may access the audio feed of the conference by calling 917-933-2166 and using access code 843205200#.

In advance of the conference, chambers will email the parties with further information on how to access the conference.  A link to access the hearing will be provided directly to the parties.  Participants are directed to test their videoconference setup in advance of the hearing—including their ability to access the link provided.

If the videoconferencing platform does not work well enough and the Court decides to transition to its teleconference line, counsel should call **(888) 398-2342** or **(215) 861-0674** and use access code **5598827**.

If possible, defense counsel shall discuss the attached Waiver of Right to be Present at a Criminal Proceeding with the Defendant prior to the proceeding.  If the Defendant consents, and

is able to sign the form (either personally or, in accordance with Standing Order 20 Misc. 174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form **at least 24 hours prior to the proceeding**.  In the event the Defendant consents, but counsel is unable to obtain or affix the Defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature to the form.

To the extent that there are any other documents relevant to the proceeding (e.g., proposed orders or documents regarding restitution, forfeiture, or removal), counsel should submit them to the Court (by email or on ECF, as appropriate) at least **at least 24 hours prior to the proceeding**.  To the extent any documents require the Defendant's signature, defense counsel should endeavor to get them signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the Court will conduct an inquiry during the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature.

SO ORDERED.

Dated: September 4, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

                -v-

Ruvin Krupkin,

                Defendant.
------------------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING**

19 Cr. 659 (AT)

**Check Proceeding that Applies**

\_\_\_\_    Entry of Plea of Guilty

I am aware that I have been charged with violations of federal law. I have consulted with my attorney about those charges. I have decided that I wish to enter a plea of guilty to certain charges. I understand I have a right to appear before a judge in a courtroom in the Southern District of New York to enter my plea of guilty and to have my attorney beside me as I do. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I have discussed these issues with my attorney. By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge to enter a plea of guilty. By signing this document, I also wish to advise the court that I willingly give up any right I might have to have my attorney next to me as I enter my plea so long as the following conditions are met. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf during the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:    _____           _____
              Print Name                                                            Signature of Defendant

\_\_\_\_    Sentence

I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time of my sentence and to speak directly in that courtroom to the judge who will sentence me. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the

federal courthouse. I do not wish to wait until the end of this emergency to be sentenced. I have discussed these issues with my attorney and willingly give up my right to be present, at the time my sentence is imposed, in the courtroom with my attorney and the judge who will impose that sentence. By signing this document, I wish to advise the court that I willingly give up my right to appear in a courtroom in the Southern District of New York for my sentencing proceeding as well as my right to have my attorney next to me at the time of sentencing on the following conditions. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf at the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:      _____          _____
           Print Name                     Signature of Defendant

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form. I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date:      _____          _____
           Print Name                     Signature of Defense Counsel


**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant. The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it. The interpreter's name is: _____.

Date:      _____
           Signature of Defense Counsel

5