```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
                                                        DOC #: _____
UNITED STATES DISTRICT COURT                            DATE FILED:  9/20/2021
SOUTHERN DISTRICT OF NEW YORK
```

------------------------------------- x

UNITED STATES OF AMERICA

     - v. -

RUVIM KRUPKIN,

         Defendant.

------------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

19 Cr. 659 (AT)

WHEREAS, on or about September 10, 2019, RUVIM KRUPKIN (the "Defendant"), was charged in a one-count Indictment, 19 Cr. 659 (AT) (the "Indictment"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about July 11, 2017, the Government seized the following property:

     a. $70,440 in United States currency seized from the Defendant's residence located in Summit, New Jersey on July 11, 2017;

     b. $2,310 in United States currency seized from the Defendant's briefcase at a medical practice office located at 2844 Ocean Parkway, Brooklyn, New York; and

      c. 18k gold Rolex watch, model 118135 S/N 8C72S40 36mm with black alligator band 18k rose gold deployment clasp (the "Watch")

(a and b, collectively, the "Specific Property");

WHEREAS, on or about September 24, 2020, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853: (i) a sum of money equal to $124,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $124,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds of the offense charged in Count One of the Indictment;

WHEREAS, in lieu of forfeiture of the Watch, the Government agrees to accept a payment in the amount of $51,250 in United States currency from the Defendant on or before sentencing (the "Payment");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Watch and the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorneys, Alexandra Rothman and Tara LaMorte of counsel, and the Defendant, and his counsel, Michael C. Farkas, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $124,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Upon receipt of the Payment, the Government shall return the Watch to the Defendant. In the event the Payment is not be received prior to the Defendant's sentencing, the Government shall seek, and the Defendant consents to, the forfeiture of all right title and interest of the Defendant in the Watch.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, RUVKIM KRUPKIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[LEFT INTENTIONALLY BLANK]

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By:    /s/ Alexandra Rothman                        9/20/21
Alexandra N. Rothman                                     DATE
Tara LaMorte
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2580


RUVKIM KRUPKIN

By:    /s/ Ruvim Krupkin                            12/11/20
RUVIM KRUPKIN                                            DATE


By:    /s/ Michael C. Farkas                          12/11/20
Michael C. Farkas, Esq.                               DATE
Attorney for Defendant
32 Court Street
Brooklyn, NY 11201


SO ORDERED:

_____              September 20, 2021
**ANALISA TORRES**                                              DATE
**United States District Judge**                       New York, New York